El Pueblo, Demandante y Apelado, *v.* Hernández, Acusado y Apelante.

Apelación procedente de la Corte de Distrito de Arecibo en causa por acometimiento y agresión.

No. 1320.—Resuelto en diciembre 13, 1918.

Acometimiento y Agresión—Defensa Propia.—Cuando se demuestra que una persona golpea a otra violentamente, la persona que así produce los golpes es *prima facie* culpable de acometimiento y agresión, y sobre ella descansa el peso de la prueba para demostrar que obró en razonable defensa propia.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sr. Antonio E. Suliveres* y *Juan B. Soto.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En este caso se presentó prueba de la que la corte inferior tenía derecho a inferir que José A. Hernández no sólo agredió a Luis A. Padilla, sino que también le dió al denunciante un golpe con el pie cuando éste yacía en el suelo. Padilla declaró en este sentido, y otros testigos prestaron declaración tendente a demostrar que hubo una lucha o que entrambos se agarraron. Los testigos vieron al acusado de pie en actitud amenazadora contra Padilla y que éste presentaba pequeñas heridas como resultado de la lucha.

El primer motivo de error consiste en que la prueba no demuestra ni tiende a demostrar quién fué el primero en agredir. Pero existe prueba clara en el sentido de que Hernández había agolpeado a Padilla, no importa quién fuese el primero en agredir. La definición del acometimiento y agresión es la que sigue:

"Todo acto ilegal de inferir algún daño violento en la persona de algún semejante con la intención de causarle daño, cualesquiera que sean los medios o el grado de violencia que se emplearen, constituirá un delito de acometimiento y agresión. Toda tentativa para cometer una agresión, o cualquiera señal de amenaza que demuestre en sí o con palabras una intención inmediata acompañada de aptitud para cometer la agresión, será considerada como un acometimiento." Leyes de 1904.

Cuando se demuestra que una persona agolpeara a otra violentamente, la persona que produce dichos golpes es *prima facie* culpable de acometimiento y agresión y sobre él descansa el peso de la prueba para demostrar que lo hacía en razonable defensa propia. Se arguye que Padilla verdaderamente no vió quién le produjo los golpes y que nadie vió tampoco quién los realizara. Pero Padilla sintió los golpes y dijo que vió a Hernández darle con el pie y otras personas vieron a Hernández parado al pie del caído en actitud colérica.

Existen otras circunstancias en contra de Hernández, pero hemos reseñado lo suficiénte para demostrar no sólo que Hernández era culpable de acometimiento y agresión, sino que en realidad de verdad él fué el agresor.

Los tres errores restantes pueden muy bien agruparse en uno. El apelante alega que toda la prueba demuestra que fué Padilla el agresor y que no existe conflicto alguno en la prueba. La prueba del demandado o acusado tiende a demostrar que Padilla fué el agresor. Puesto que su declaración, como hemos visto, se produjo en opuesto sentido, hubo evidente conflicto de prueba y, por lo tanto, el caso cae dentro del principio, tan frecuentemente enunciado, de que la resolución de semejante conflicto en la prueba compete a la corte sentenciadora.

Es·de confirmarse la sentencia recurrida.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.